UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERNEST FISHER, JR.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN BOB DOOLEY; MARTY J. JACKLEY, Attorney General of the State of South Dakota,<br><br>Respondents. | 4:17-CV-04102-KES<br><br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on Ernest Fisher, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Fisher is currently incarcerated at the Mike Durfee State Prison in Springfield, South Dakota. Pending is a motion to dismiss by all respondents. See Docket No. 10. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge. This court recommends Mr. Fisher's petition be dismissed and respondents' motion be granted.

## FACTS

In September, 2008, Mr. Fisher was convicted by a jury of eight offenses: one count of first-degree rape, five counts of fourth-degree rape and two counts of sexual contact with a child. Mr. Fisher filed a direct appeal and the South

Dakota Supreme Court reversed and remanded for a new trial. State v. Fisher, 2010 S.D. 44, 783 N.W.2d 664.

The re-trial resulted in guilty verdicts on the following offenses: one count of first-degree rape, three counts of third-degree rape, two counts of fourth-degree rape and two counts of sexual contact with a child. Mr. Fisher also admitted being a habitual offender. Mr. Fisher was sentenced to 60 years' imprisonment. Mr. Fisher appealed and his conviction and sentence were affirmed by the South Dakota Supreme Court on March 13, 2013. State v. Fisher, 2013 S.D. 23, 828 N.W.2d 795.

A year later, on March 10, 2014, Mr. Fisher filed a motion for sentence modification/reduction. After a hearing on the motion, the court denied the motion on April 8, 2014.

Mr. Fisher filed a state habeas action on February 11, 2015. An evidentiary hearing was held on February 22, 2016. An order denying Mr. Fisher's habeas petition was entered on April 4, 2016, and an order denying a certificate of probable cause was entered by the state circuit court on April 21, 2016. On April 17, 2017, the South Dakota Supreme Court denied the issuance of a certificate of probable cause.

Mr. Fisher filed the instant federal petition in this court on July 27, 2017. Respondents now move the court to dismiss Mr. Fisher's federal petition on the grounds that it is untimely. See Docket Nos. 9 & 10. Mr. Fisher did not file a response to the respondents' motion.

**DISCUSSION**

**A.    AEDPA Statute of Limitations**

Habeas petitions challenging state court convictions pursuant to § 2254 are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2244 of AEDPA contains a one-year statute of limitations, providing in relevant part as follows:

> **(d)**    **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>>
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)**    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. See Sup. Ct. R. 13.1; Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The statute of limitation for § 2254 petitions is subject to tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2).

The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2244's tolling provision "applies to all types of state collateral review available after a conviction." Id.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the

timely filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not "pending" for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not *pending* during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)) (emphasis added). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003). However, the AEDPA statute of limitations is *not* tolled during the time a federal habeas petition is pending. Duncan, 533 U.S. at 177-80.

**B.   Application of the Limitations Period as Applied to Mr. Fisher's Facts**

In making its motion to dismiss, respondents assume that the AEDPA's statute of limitations was tolled not only by the state habeas petition Mr. Fisher filed in state court, but also by his earlier motion for modification/reduction of his sentence. Even making this assumption, respondents argue the AEDPA

5

statute of limitations had already run when Mr. Fisher filed his federal habeas petition with this court.

AEDPA's statute of limitations is not tolled "merely because petitioner continues to file motions after the end of direct review." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005). Only a properly filed application for state post-conviction or other collateral relief will toll this limitation period. See 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in AEDPA's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan, 533 U.S. at 177. Thus, AEDPA's tolling provision "applies to all types of state collateral review available after a conviction." Id. Filings that do not call for a decision or adjudication on the merits of petitioner's post-conviction claims for relief are not properly filed applications. Jackson, 452 F.3d at 736 (citing Woodford, 538 U.S. at 207). The court, for purposes of this opinion, assumes *without so holding* that Mr. Fisher's motion for sentence modification/reduction was a properly filed application for state collateral review. Giving Mr. Fisher the benefit of tolling for this filing, his federal petition is still untimely.

Mr. Fisher's conviction became final on June 12, 2013, 90 days after the South Dakota Supreme Court affirmed his conviction on direct appeal on March 13, 2013. June 12, 2013, is the date when the one-year AEDPA statute of limitations for his federal § 2254 petition began running.

Mr. Fisher filed his first state post-conviction motion on March 10, 2014. This motion was denied by the state circuit court on April 8, 2014. Between the date his conviction became final (June 12, 2013), and the date he filed his motion for sentence modification/reduction (March 10, 2014), 271 days elapsed. The AEDPA limitations period was tolled while his motion was pending (from March 10, 2014 to April 8, 2014). The limitations period began running again on April 9, 2014, and ran until it was statutorily tolled on February 11, 2015, when Mr. Fisher filed his first state court habeas petition. During this period, 308 days of the limitations period elapsed. His state habeas action was concluded on April 17, 2017, when the South Dakota Supreme Court denied his motion for certificate of probable cause. Mr. Fisher filed this federal action on July 27, 2017. The period from April 18, 2017, to July 27, 2017, (100 days) counts against the one-year limitations period. Therefore, the total number of days which elapsed on the AEDPA limitations period before Mr. Fisher filed the instant petition was 679 days. He missed the filing deadline in federal court by 314 days.

The one-year AEDPA statute of limitations is not a jurisdictional bar, however. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Id. A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Mr. Fisher does not allege that the state, or any other external factor beyond his control, operated to prevent him from filing his federal or state habeas petition sooner. In fact, he did not defend the timeliness of his petition at all, despite a motion to dismiss which invited his response. Accordingly, this court respectfully recommends that the district court dismiss Mr. Fisher's § 2254 petition as untimely.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends that respondents' motion to dismiss [Docket No. 10] be granted and that Mr. Fisher's petition for habeas corpus [Docket No. 1] be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED September 26, 2017.

BY THE COURT:

_/ Veronica L. Duffy /_
VERONICA L. DUFFY
United States Magistrate Judge