UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERNEST FISHER, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN BOB DOOLEY; and MARTY J. JACKLEY, Attorney General of the State of South Dakota, <br><br> Respondents. | 4:17-CV-04102-KES <br><br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Petitioner, Ernest Fisher, Jr., filed a pro se petition for writ of habeas corpus 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation and she recommended dismissing the petition for failure to file the petition within the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA). Docket 11. Fisher timely filed an objection to the report and recommendation. Docket 12. For the following reasons, the court adopts Magistrate Judge Duffy's report as supplemented herein.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any

objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P. 72(b). ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Fisher objects to that portion of the report and recommendation that finds that the time limits under the AEDPA were not equitably tolled. He argues that the prison legal aid advised him to take his time, while staying within the two year state timeline, and secure all the evidence he needed to support his claims before filing his state habeas. He argues that this advice "lulled him into inaction." Docket 12, at 1. He claims he diligently sought evidence during that two year period and that he filed his state claim as soon as the evidence was made available to him. *Id.* After the state court denied him habeas relief, he "diligently secured and prepared the paper work needed to file the present Federal Habeas." *Id.* at 2. Fisher argues that these facts support the application of equitable tolling to his federal habeas action.

The Supreme Court has held that the limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida,* 560 U.S. 631, 645(2010). "[But] a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal citation and quotations omitted). The Eighth Circuit Court of Appeals has applied the holding in *Holland* and found that a counsel's miscalculation of a filing deadline is a "garden variety claim" of neglect that does not warrant equitable tolling. *Rues v. Denney*, 643 F.3d 618, 622 (8th Cir. 2011).

Here, Fisher alleges that he received bad advice from the prison legal aid. He has not presented any evidence that he took any further steps to determine the statute of limitations under the AEDPA. Nor has he presented evidence that the state took steps to prevent him from timely filing. Fisher's argument that the prison legal aid office gave him bad advice is nothing more than a garden variety claim of neglect and does not rise to the level of an extraordinary circumstance that stood in the way of his timely filing. The court finds that Fisher is not entitled to equitable tolling and his petition is time barred under the AEDPA.

## CONCLUSION

This court has reviewed Magistrate Judge Duffy's report and recommendation de novo and Fisher's objections. This court adopts the report and recommendation and dismisses Fisher's petition for relief with prejudice.

Thus, it is

ORDERED that the report and recommendation (Docket 11) is adopted in full as supplemented herein. Fisher's objections to the report and recommendation (Docket 12) are overruled. Respondents' motion to dismiss

(Docket 10) is granted. Fisher's pro se petition for habeas corpus is denied with prejudice.

IT IS FURTHER ORDERED that based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Dated November 30, 2017.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE